UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARCHELLA OF NY INC.
and NORTHEAST BANANA CORP.,

                 Plaintiffs,

       - against -

MEJIA TROPICAL PRODUCTS LLC
and MARVIN E. MEJIA,

                 Defendants.

No. 22-cv-551 (JS)(ST)

**ORDER of CONTINUED
CONTEMPT and DIRECTING
ISSUANCE OF WARRANT**

**FILED
CLERK**

7/13/2022 12:58 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

APPEARANCES
For Plaintiffs:     Gregory A. Brown, Esq.
                    McCarron & Diess
                    576 Broadhollow Road, Suite 105
                    Melville, New York  11747

For Defendants:    No appearance.

SEYBERT, District Judge:

       **WHEREAS**, this action was commenced on January 31, 2022,

seeking to recover monies from Defendants Mejia Tropical Products

LLC ("Mejia Tropical") and Marvin E. Mejia ("Mejia" and with Mejia

Tropical, the "Defendants"), jointly and severally, pursuant to the

trust provisions of the Perishable Agricultural Commodities Act,

7 U.S.C. § 499a, et seq. ("PACA") for wholesale quantities of

produce Plaintiffs delivered to Defendants (see Compl., ECF No.

1)1; and

---

[1] The Court presumes the parties' familiarity with the facts
underlying this case and provides herein only a summary necessary
to make its ruling.  For a more detailed background, refer to the

**WHEREAS**, the Court subsequently issued a Preliminary Injunction Order (hereafter, "PI Order") directing, among other things, that Defendants and others, including Defendants' successors, "deliver to Plaintiffs' counsel the sum of $209,252.50 by bank check or wire transfer" and:

> that within five business days of the date of this Order, Defendants shall supply to Plaintiffs' counsel the following documents regarding the assets of Mejia Tropical, its successors, subsidiaries and related companies: (1) most recent balance sheets and profit/loss statements; (2) all accounts receivable records showing all funds collected by or on behalf of Defendants in the last sixty days in addition to all records showing accounts receivable currently outstanding, including names, addresses, amounts and other documentation such as invoices and account statements necessary for collection purposes; (3) all documents related to funds owed to Defendants on behalf of credit/debit card processors and any other electronic funds transfers due Defendants; and (4) all financial records, such as income tax returns, bank account statements, checking account registers and cash receipt records, showing transfer of funds to or from Mejia Tropical in the last six months; and . . . .
>
> Defendants shall take such steps as are necessary to preserve all of Mejia Tropical's books and records, whether electronic or otherwise, and are required to fully cooperate with Plaintiffs' attorneys' efforts to effect collection of the accounts receivable of Mejia Tropical, its successors, subsidiaries and related companies by, among other things, providing Plaintiffs' attorneys with any and all documents and things, including but not limited to computers, software, usernames,

---

Court's June 22, 2022 Memorandum & Order (hereafter, the "M&O"). (See ECF No. 26.)

> passwords and documents, reasonably requested
> by Plaintiffs' counsel in connection with
> their collection efforts.

(PI Order, ECF No. 18, at 4, 5 (emphases added)); and

**WHEREAS**, the PI Order was sufficiently served upon Defendants (see M&O at 4-5 (detailing Plaintiffs' service of the PI Order upon Defendants)); and

**WHEREAS**, when the Defendants did not comply with the PI Order, Plaintiffs moved this Court to find Defendants in civil contempt. (See Contempt Motion, ECF No. 20.)  More particularly, Plaintiffs sought an order, inter alia, (1) holding Defendants in civil contempt, and (2) directing the U.S. Marshals Service hold Mejia in custody pending the purging of Defendants' civil contempt (see id.; see also Support Memo, ECF No. 22; Brown Apr. Decl., ECF No. 21); and

**WHEREAS**, this Court found the Defendants were in civil contempt of the PI Order (see M&O at 7-9); and

**WHEREAS**, despite finding Defendants in civil contempt, the Court afforded Defendants a final opportunity to purge their contempt by coming into compliance with the PI Order (see id. at 9) and specifically warning Defendants of the consequences of not doing so, i.e.,: "**Failure to turn over to Plaintiffs' counsel within five (5) business days from the date of service of this Memorandum & Order either the balance of the trust assets or the requested**

**documents will result in the Court directing the U.S. Marshals Service to hold Mejia in custody pending the perjuring of Defendants' contempt**," (id. at 9-10 (emphases in original)); and

WHEREAS, despite sufficient service of the M&O, (see ECF Nos. 27, 28, 29 (Certs. of Serv.); see also Brown July Decl., ECF No. 30, ¶¶ 4-9), which contained the Court's explicit warning (quoted above), Defendants have not purged their civil contempt (see Brown July Decl. ¶ 10); moreover, they have not complied with the Court's June 22, 2022 M&O (see id.); and

**WHEREAS**, based upon Defendants' continued civil contempt of this Court's PI Order and non-compliance with the Court's M&O, Plaintiffs "renew[ed] their request that this Court direct the United States Marshals Service to hold Mejia in custody pending the purging of Defendants' contempt" (see id. at 3, "WHEREFORE" clause).

**NOW, THEREFORE,** (1) having already found Defendants in civil contempt, (2) finding Defendants remain in contempt, having failed to purge said contempt notwithstanding the additional opportunity afforded to them to do so, (3) having considered Defendants were explicitly warned of the consequences of their continued civil contempt, and (4) having considered the declaration of Gregory Brown, Esq., that "Defendants have not complied with the Preliminary Injunction Order or the Contempt Order," i.e., the M&O (see Brown July Decl. ¶ 10),

- 4 -

**IT IS HEREBY ORDERED** that the Clerk of Court issue a Warrant, contemporaneous with this Order, directing the U.S. Marshals Service to hold Mejia in custody pending the purging of Defendants civil contempt as directed in the Court's PI Order and M&O.

**IT IS FURTHER ORDERED** that Plaintiffs are to provide the U.S. Marshals Service with certified copies of (1) this Order, (2) the PI Order (ECF No. 18), (3) the M&O (ECF No. 26), and (4) the Warrant.  It is Plaintiffs' responsibility to pay the U.S. Marshals Service any fee(s) charged for executing the Warrant.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  July 13, 2022
        Central Islip, New York