```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------
MARCHELLA OF NY INC.                         No. 22-cv-551 (JS)(ST)
and NORTHEAST BANANA CORP.,
                                             ORDER GRANTING
                   Plaintiffs,               MOTION TO AMEND

        - against -

MEJIA TROPICAL PRODUCTS LLC
and MARVIN E. MEJIA,

                   Defendants.
---------------------------------------

APPEARANCES
For Plaintiffs:      Gregory A. Brown, Esq.
                     McCarron & Diess
                     200 Broadhollow Road, Suite 207
                     Melville, New York  11747

For LLC
Defendant:           No appearance.

For Individual
Defendant:           Marvin E. Mejia, Pro Se
                     Mobile Number: (347) 530-0575
                     (No Address Provided)
```

SEYBERT, District Judge:

Presently before the Court, in this action brought by Plaintiffs Marchella of NY Inc. ("Marchella") and Northeast Banana Corp. ("NE Banana" and with Marchella, the "Plaintiffs") pursuant to the trust provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, et seq. ("PACA"), seeking to recover monies for wholesale quantities of produce delivered to Defendants Mejia Tropical Products LLC ("Mejia Tropical") and Marvin E. Mejia ("Mejia" and with Mejia Tropical, the "Defendants"), is the

Plaintiffs' letter motion to further amend their Amended Complaint to add additional defendants (hereafter, the "Letter Motion"). (See ECF No. 39 at 2-3.) Defendants have not responded to Plaintiff's October 21, 2022 Letter Motion and their time to do so has expired. For the reasons that follow, the Letter Motion is GRANTED in part.

BACKGROUND

The Court presumes familiarity with the facts underlying this case, which are: (1) articulated in its June 22, 2022 Memorandum & Order Re: Motion for Contempt; and (2) incorporated herein by reference. (See ECF No. 26 at 2-5.[1]) In sum, Defendants were found to be in contempt of court for failing to comply with the Court's February 10, 2022 Preliminary Injunction Order, i.e., failing to turn over PACA trust assets and/or various financial records relating to the PACA trust assets.

Thereafter, in an attempt to purge his contempt, Mejia sat for a deposition. (See Status Report,[2] ECF No. 39, at 2.) As a result, Plaintiffs discovered transfers made by Mejia to others which has led Plaintiffs to "believe that these individuals have

---

[1] Also available electronically on Westlaw: Marchella of NY Inc. v. Mejia Tropical Prods. LLC, No. 22-CV-0551, 2022 WL 2274781, at *1-2 (E.D.N.Y. June 22, 2022).

[2] The Court notes that, with the Court's permission, Plaintiffs' Letter Motion and Status Report were filed as one document, i.e., ECF No. 39.

liability to Plaintiffs under a theory of receipt and retention of PACA trust assets." (Letter Motion at 3.) Moreover, Mejia's limited production of documents led Plaintiffs to subpoena Defendants' bank records, which may result in Plaintiffs requesting additional individuals be added to this action under the same theory of receipt and retention of PACA trust assets. (See id.) Finally, based upon Mejia's deposition testimony that he is aware that Island Banana Corporation ("Island Banana"), an alleged successor to Mejia Tropical, was conducting business with many of Mejia Tropical's former customers, and related testimony about Island Banana Corporation, Plaintiff contends that:

> Island Banana Corp. has liability to Plaintiffs under theories of successor liability and the receipt and retention of PACA trust assets. Jonathan Mejia, the owner of Island Banana Corp. and Mejia's nephew, also has liability to Plaintiffs under the same theories, as well as breach of fiduciary duty of a PACA trustee. [Therefore,] Plaintiffs would like to add Island Banana Corp. and Jonathan Mejia to this lawsuit as defendants as well.

(Id.)

Of relevance, given the procedural trajectory of the case, neither a pretrial conference pursuant to Federal Rule of Civil Procedure 16(a) has been scheduled, nor has a scheduling order pursuant to Federal Rule of Civil Procedure 16(b) been issued.

DISCUSSION

I. Applicable Law

    A. Legal Standard Under Rule 15(a)

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, courts have discretion to allow parties to amend their pleadings "when justice so requires." FED. R. CIV. P. 15(a)(2); see also TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505 (2d Cir. 2014) ("Under Fed. R. Civ. P. Rule 15(a), leave to amend shall be freely given when justice so requires."); Amaya v. Roadhouse Brick Oven Pizza, Inc., 285 F.R.D. 251, 253 (E.D.N.Y. 2012)) ("A court should freely give leave when justice so requires, and such leave is in the court's discretion.") (internal quotation omitted). The amendment standard is liberal, permitting plaintiffs "to assert matters that were overlooked or were unknown at the time of the original complaint or answer." RCX I, LLC v. Pitter-Nelson, No. 11-CV-03513, 2014 WL 5809514, at *5 (S.D.N.Y. Nov. 6, 2014) (internal quotation marks, citation and alterations omitted; emphasis added).

Where, however, there is "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment," a Rule 15 motion should be denied. Amaya, 285 F.R.D. at 253; see also Francisco v.

- 4 -

Abengoa, S.A., 559 F. Supp. 3d 286, 310 (S.D.N.Y. 2021) ("[A] motion to amend should be denied only if the moving party has unduly delayed or acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile." (quoting Agerbrink v. Model Serv. LLC, 155 F. Supp. 3d 448, 452 (S.D.N.Y. 2016)).

"The party opposing a motion to amend bears the burden of establishing that the amendment should be denied." Baptiste v. Suffolk County., No. 19-CV-0042, 2022 WL 1224570, at *4 (E.D.N.Y. Apr. 26, 2022); see also Joinnides v. Floral Park-Bellerose Union Sch. Dist., No. 12-CV-5682, 2015 WL 1476422, at *9 (E.D.N.Y. Mar. 31, 2015) ("With respect to the Rule 15(a) factors, '[t]he party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial or futile.'" (citation omitted)).

B.  Legal Standard Under Rule 21 for Addition of Parties

Where a plaintiff seeks to add new parties, Rule 21 of the Federal Rules of Civil Procedure governs; it provides that "the court may at any time, on just terms, add or drop a party[.]" Bunay Villa v. Prima Contr. Ltd., No. 16-CV-6266, 2020 WL 3035202, at *2 (E.D.N.Y. May 29, 2020) (quoting Garcia v. Pancho Villa's of Huntington Vill., Inc., 268 F.R.D. 160, 165 (E.D.N.Y. 2010)). Rule 21 is intended to allow joinder of a person "who, through inadvertence, mistake, or some other reason has not been made a

party and whose presence as a party is later found necessary or desirable." Gale v. Smith & Nephew, Inc., No. 12-CV-3614, 2013 WL 9874422, at *5 (S.D.N.Y. Sept. 13, 2013) (citation omitted). In deciding whether to permit the addition of a party pursuant to Rule 21, courts apply the "same standard of liberality afforded to motions to amend pleadings under Rule 15." Jaigua v. Kayafas Contracting Co. Inc., No. 18-CV-1941, 2019 WL 1115025, at *2 (E.D.N.Y. Mar. 11, 2019) (internal quotation marks and citation omitted); see also Romero v. Bestcare, Inc., No. 15-CV-7397, 2018 WL 1702001, at *7 n.12 (E.D.N.Y. Feb. 28, 2018) (quoting State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C., 246 F.R.D. 143, 146 (E.D.N.Y. 2007) ("It is generally accepted that no material difference exists between the standards articulated by Rules 15(a) and 21, and, as such, where parties satisfy the requirements under Rule 15(a) for leave to amend, they will generally be permitted to add parties under Rule 21.")), report and recommendation adopted, 2018 WL 1701948 (E.D.N.Y. Mar. 31, 2018).

When evaluating a motion for leave to amend a complaint to add a defendant, courts evaluate: (1) "whether the amendment to add . . . a defendant would be futile[, recognizing that a] proposed amendment is futile if the proposed claim could not withstand a Rule 12(b)(6) motion to dismiss," Allstate Ins. Co. v. Elzanaty, 916 F. Supp. 2d 273, 303 (E.D.N.Y. 2013); (2) "whether Plaintiffs have exhibited undue delay in bringing the motion to

amend," id.; (3) whether the amendment would be unfairly prejudicial, i.e., resulting in undue or substantial prejudice such as "when the nonmoving party shows that it would be fairly disadvantaged or deprived of the opportunity to present facts or evidence that it would have offered," id. at 304; and (4) whether a plaintiff has "demonstrated bad faith so that an amendment to the Complaint should be prohibited," id.  Hence, parties should "general[ly] . . . be allowed to amend their pleadings to add new parties unless there is evidence of 'undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility.'" Saravia v. Royal Guard Fence Co., No. 19-CV-2086, 2020 WL 5231696, at *9 (E.D.N.Y. Sept. 2, 2020) (quoting Bryant v. Carlisle Carrier Corp., No. 13-CV-0578, 2014 WL 712592, at *1 (E.D.N.Y. Feb. 25, 2014)).

II. Application

As an initial matter, because a Rule 16(b) scheduling order has not yet issued in this action, there is no applicable deadline limiting the time to join other parties or amend the pleadings.  Cf. Fed. R. Civ. P. 16(b)(3)(A).  In turn, Rule 16(b)(4), which states, "[a] schedule may be modified only for good cause and with the judge's consent," is not applicable here. This is relevant because "[w]here a motion to amend is filed after the deadline set by the Court to do so, it 'is subject to the more demanding standard of Rule 16(b), which requires 'good cause' for

leave to amend.'" Baptiste, 2022 WL 1224570, at *4 (quoting CSX Transp., Inc. v. Emjay Env't Recycling, Ltd., No. 12-CV-1865, 2013 WL 12329546, at *2 (E.D.N.Y. Sept. 18, 2013); further citation omitted) (emphasis added). And, to meet the Rule 16(b)(4) good cause standard, one must show more than "the mere absence of prejudice, bad faith, futility, or similar factors." CSX, 2013 WL 12329546, at *2. Thus, because there is no Rule 16(b) scheduling order here, Plaintiffs' request to add additional defendants is subject to "the lenient standard under Rule 15(a) and Rule 21" and need not "be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." Villafane on behalf of D.F. v. City of N.Y., No. 19-CV-1379, 2021 WL 2450612, at *2 (E.D.N.Y. June 15, 2021) (quoting Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs., Inc., 318 F.R.D. 28, 36 (S.D.N.Y. 2016)); cf. Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009) ("Where, as here, a scheduling order governs amendments to the complaint, the lenient standard under Rule 15(a), which provides leave to amend shall be freely given, must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." (cleaned up)).

Here, upon careful review of the record, the Court finds no evidence of undue delay, bad faith, dilatory tactics, undue

prejudice to the parties to be served with the proposed second amended complaint, or futility. Rather, Plaintiffs have been diligent in their pursuit of this case. For example, Plaintiffs moved quickly to subpoena Defendants' bank records after receiving limited financial documents from Mejia (which Mejia produced in an attempt to purge his contempt), finding Mejia's production wanting. Thereafter, Plaintiffs used the responsive production of one of the Defendants' banking institutions as a basis for a line of questioning of Mejia at his October 2022 deposition, which may warrant the addition of further individuals. (See Letter Motion at 3 (discussing intending to subpoena a purported payroll company, Gusto, to determine who received a salary from Mejia Tropical and "[i]f it turns out that the recipients of those funds did not actually perform services for Mejia Tropical" being inclined to add those individuals).) Moreover, it is apparent that the information elicited from Mejia during his deposition -- in particular, the names of persons who received transfers from Mejia, and information regarding Island Banana -- is the impetus for Plaintiffs' Letter Motion, which was made only eight days after the deposition. Further, the Court finds that while zealously representing Plaintiffs, Plaintiffs' council has been appropriately solicitous to, and transparent with, pro se Mejia; there is no indication of bad faith or dilatory tactics in how this case has proceeded to date. Nor, given the relative nascent

stage of this action, would the addition of defendants to this action cause undue prejudice to the parties to be served with the proposed second amended complaint. Finally, based upon Plaintiffs' proffered reasons for adding defendants to this PACA action, i.e., the likelihood that the additional defendants improperly received PACA trust assets and/or are successors to Mejia Tropical, thereby making them liable to the Plaintiffs, the Court finds that allowing the requested amendments would not be futile. Thus, given (1) that Plaintiffs were unaware of the potential liability of the proposed defendants at the time of the original and amended complaints, (2) the inclusion of the proposed defendants is desirable, (3) the absence of undue delay, bad faith, unfair prejudice, futility, and (4) the lack of any opposition by the Defendants' to the Letter Motion, the Court finds justice requires permission to amend should be given.

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Letter Motion (ECF No. 39) is **GRANTED**. At this junction, and subject to further additions (see below), Plaintiffs are permitted to amend their Amended Complaint to add the following defendants:

(1) Lourdes Gomez;

(2) Lucero Ardiles;

(3) Jose Mejia;

    (4)    Fidel Rivas;

    (5)    Jonathan Mejia; and

    (6)    Island Banana Corporation.

**IT IS FURTHER ORDERED** that a deadline for Plaintiffs to file and serve their Second Amended Complaint will not be set until the December 5, 2022 Status Conference scheduled in this matter so that Plaintiffs may provide the Court with an updated status on the results of their subpoena upon Gusto and whether production from the Gusto subpoena will result in Plaintiffs seeking to add further defendants to this action under a theory of receipt and retention of PACA trust assets.  Any such request to add further defendants will be heard at the December 5 Status Conference.

**IT IS FURTHER ORDERED** that Plaintiffs serve Mejia with a copy of this Order; service via text message to Mejia's mobile number, as Plaintiffs have previously done, is acceptable. Plaintiffs are to file proof of said service forthwith.

                                              **SO ORDERED.**

                                      /s/ JOANNA SEYBERT
                                      Joanna Seybert, U.S.D.J.

Dated:  November 17, 2022
        Central Islip, New York